IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WELLS HANN, JAMES COCO, EDWARD HANN, BILLY MYERS, FLOYD KING and DOUG RADIGAN, <br><br> Plaintiffs, <br><br> vs. <br><br> CRAWFORD & COMPANY, a corporation, <br><br> Defendant. | CV NO.: 00-1908-DWA <br><br> Chief Judge Ambrose |

## DEFENDANT'S POST-TRIAL BRIEF

COMES NOW, Crawford & Company, Defendant in the above-captioned matter and files Defendant's Post Trial-Brief.

## INTRODUCTION

The trial of this matter took place May 16-20, 2005. At the conclusion of trial, the Court invited the parties to submit post-trial briefs. As reflected by the trial record, this is an overtime case in which six Plaintiffs assert overtime claims under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"). Plaintiffs' claims stem from work they performed for Crawford on four catastrophe projects between 1989 and 1992. Given that Plaintiffs did not bring their claims until September, 2000 and dates thereafter, there is no dispute that the FLSA statute of limitations bars Plaintiffs claims, unless Plaintiffs have demonstrated a basis for equitably tolling the statute of limitations.

Crawford's Proposed Findings of Fact and Conclusions of Law ("Proposed Findings and Conclusions," filed contemporaneously herewith) detail the full spectrum of material facts and

controlling legal principles essential to the outcome of this case. In this Brief, Crawford does not rehash every legal and factual issue pertinent to the resolution of this case. Rather, this Brief focuses on two limited legal issues that warrant additional discussion beyond that included in Crawford's Proposed Findings and Conclusions: (1) the impact of Crawford's evidence concerning posting of FLSA Notices on Plaintiffs' equitable tolling argument; and (2) the minimum level of knowledge of the FLSA necessary to stop equitable tolling, assuming Plaintiffs' proved a basis for equitable tolling in the first instance. With respect to the first issue, Plaintiffs have advanced one equitable tolling theory -- that the statute of limitations should be tolled because Crawford allegedly failed to post FLSA Notices on the Projects at issue. As detailed below and as demonstrated in Crawford's Proposed Findings and Conclusions, the record evidence concerning posting of FLSA Notices overwhelmingly refutes Plaintiffs' allegation that the FLSA Notice was no posted and, in turn, defeats Plaintiffs' equitable tolling argument. As for the second issue, even if Plaintiffs had demonstrated a basis for equitable tolling (which they have not), each Plaintiff acquired knowledge of the FLSA sufficient to preclude equitable tolling of the statute of limitations at some point more than three years before filing this action. For these reasons, and as detailed more fully below and in Crawford's Proposed Findings and Conclusions, the Court should enter judgment for Crawford.

## ARGUMENT AND CITATION OF AUTHORITY

**I.     Crawford's Evidence Of FLSA Notice Postings Precludes Equitable Tolling.**

The central issue in this case is whether Plaintiffs have asserted their claims on a timely basis. The parties do not dispute that Plaintiffs filed their actions well-beyond the two-year FLSA statute of limitations, and even beyond the three-year statute of limitations that would apply if

Plaintiffs proved a willful violation of the statute. 29 U.S.C. § 255(a).[1] In an effort to circumvent the statute of limitations, Plaintiffs argue that the Court should equitably toll the statute of limitations and, in support of this argument, Plaintiffs advance a single argument -- that Crawford failed to comply with the FLSA Notice requirements set forth under 29 C.F.R. § 516.4 on the Projects at issue in this case.

With respect to the existence of FLSA Notices on the Projects as issue, the record evidence shows the following:

- On two of the four Projects (Ashland Oil and Uni-Mart), Crawford conspicuously posted the FLSA Notice where Plaintiffs worked (May 17, 2005 at 147-48, 154-56; 173-74; May 19, 2005 Tr. at 68-71, 73-74);

- On the Exxon Valdez Project, Exxon conspicuously posted the FLSA Notice on the multi-employer worksites where Plaintiffs worked (May 17, 2005 Tr. at 238-44; 258, 260, 266-71; May 19, 2005 Tr. at 56, 80, 82); and

- On the fourth Project (Buckeye), Plaintiffs checked-in at and had access to the Jacobs Building office where Crawford conspicuously posted the FLSA Notice in connection with the Ashland Project. (May 17, 2005 Tr. at 221-22.)

Given the direct evidence of posting presented by Crawford, and Plaintiffs' failure to present any conflicting evidence -- Plaintiffs merely testified that they did not see the notices -- there is no real dispute about the presence of the FLSA Notices in the locations outlined above. Accordingly, Plaintiffs' tolling argument fails as a matter of law. See Petty v. Merck & Co., No. 99-CV-6555, 2003 WL 22797158, at *4 (E.D. Pa. 2003) (holding that a plaintiff seeking to toll the statute of limitations "must actually testify that he or she observed the bulletin board and the notices were not there. . . . It is not sufficient for a plaintiff to merely deny any knowledge of

---

[1] Here, Plaintiffs have not proved a willful violation, but even assuming they had, the application of a three year statute of limitations versus a two year statute of limitations does not alter the outcome of Plaintiffs' claims because: (1) all of Plaintiffs' claims accrued more than three years before this action was filed; and (2) each Plaintiff had knowledge of the FLSA at or near the time they worked on the projects at issue in this case and, in any event, at least three years before they filed their respective claims. Accordingly, even with the benefit of the longer three year statute of limitations, each of the Plaintiffs' claims are time-barred.

whether such a notice was hung where defendant claims or anywhere else"); Byers v. Follmer Trucking Co., 763 F.2d 599, 601 (3d Cir. 1985) (rejecting plaintiffs' equitable tolling argument where plaintiffs merely testified that they had never seen required notices on employers' property); Butz v. Hertz Corp., 554 F. Supp. 1178, 1182 (W.D. Pa. 1983) (rejecting equitable tolling argument based on allegation that plaintiffs did not see notices). Still, with respect to the Exxon Valdez Project, Plaintiffs argue that Crawford cannot rely upon FLSA Notices posted by Exxon to establish compliance with FLSA Notice requirements under 29 C.F.R. 516.4. For the reasons set forth below, the Court should reject Plaintiffs' argument.

By proving that Exxon conspicuously posted FLSA Notices at the multi-employer locations where Plaintiffs worked, Crawford demonstrated compliance with the FLSA Notice requirements under 29 C.F.R. § 516.4. Pursuant to § 516.4:

> "[e]very employer employing any employees subject to the Act's minimum wage provisions shall post and keep posted a notice explaining the Act, as prescribed by the Wage and Hour Division, in conspicuous places in every establishment where such employees are employed so as to permit them to observe readily a copy."

The trial record unequivocally establishes that Exxon operated and controlled each of the worksites where Plaintiffs worked on the Exxon Valdez Project, that all of the worksites on the Project were multi-employer worksites, and that Exxon conspicuously posted FLSA Notices in areas accessible to Plaintiffs. (May 17, 2005 Tr. 207, 217-18, 228-29, 234-45, 254-59, 261-62, 266-67, 272-75; May 19, 2005 Tr. at 53-56, 80, 82.)

Though common sense and logic dictate that one FLSA Notice on a multi-employer worksite satisfies the FLSA Notice requirement for all employers on that worksite, the Court need not rely on common sense alone because, on March 3, 2005, the DOL confirmed exactly that point in an Opinion Letter stating:

4

> [I]t is our opinion that if employees of Crawford are working in another employer's office on a multi-employer worksite, and the FLSA notice is already conspicuously posted in compliance with section 516.4, no additional posting is required.

(See Def. Ex. Z.)  At trial, the Court admitted the DOL Opinion Letter as Defendant's Exhibit Z. (May 17, 2005 Tr. at 200; May 19, 2005 Tr. at 202-203.)  The Opinion Letter puts to rest any assertion that Crawford cannot rely upon evidence of posting by Exxon to avoid equitable tolling on the Exxon Valdez Project.

Nonetheless, Plaintiffs have argued that the Court cannot rely upon the DOL Opinion Letter because it was issued subsequent to the conduct it addresses (posting the FLSA Notices on the Exxon Valdez Project).  (May 17, 2005 Tr. 181-87.)  Plaintiffs based this argument on Section 10 of the Portal to Portal Act of 1947 (the "Portal Act"), which allows an employer to avoid:

> any liability or punishment for . . . the failure of the employer to pay minimum wages or overtime . . . if he pleads and proves that the act or omission complained of was in good faith in conformity with and in reliance on any written administrative . . . interpretation of . . . the Administrator of the Wage and Hour Division of the Department of Labor.

29 U.S.C. § 259.  As the Court recognized in rejecting Plaintiffs' argument at trial, Section 10 of the Portal Act has no impact on the significance of the March 3, 2003 Opinion Letter in this case because Crawford did not offer the Opinion Letter as part of a good faith defense to a minimum wage or overtime violation.  (May 17, 2005 Tr. at 200.) Rather, Crawford offered the Opinion Letter as the DOL's reasonable interpretation of its own regulation concerning FLSA Notice requirements.

The only real issue before the Court is the degree of deference that can be given to the DOL's Opinion Letter.  See Christensen v. Harris County, 529 U.S. 576, 587-588 (2000).  In Christensen, the Supreme Court held that an agency's interpretation of its own unambiguous

5

regulation is entitled to "respect," as long as its interpretation has "the power to persuade." See id. at 577 (citing Skidmore v. Swift & Co., 323 U.S. 134, 140 (1944)). [2] Where the regulation at issue is ambiguous, however, the Court held that an agency's interpretation of the regulation is entitled to "deference" -- which is more than mere "respect" -- under the Court's decision in Auer v. Robbins, 519 U.S. 452, 461 (1997). See id. at 578 ("Auer deference is warranted only when the language of the regulation is ambiguous.")  In Auer, the Supreme Court held that the Secretary of Labor's interpretation of its own regulation is "controlling unless plainly erroneous or inconsistent with the regulation." 519 U.S. at 461.

Here, Section 516.4 is plainly ambiguous as evidenced by the fact that a fundamental dispute in this case centers around the requirements of the regulation. Indeed, even as to multiemployer worksites such as those at issue on the Exxon Valdez Project, Plaintiffs contend that Crawford can only comply with Section 516.4 by separately posting FLSA Notices in every location where its employees work, regardless of whether another employer has, in fact, posted the required Notice at the same worksite. By contrast, Crawford interprets § 516.4 as only requiring Crawford to post FLSA Notices at its establishments, and, of more importance to this case, as allowing for compliance through proof of posting by another employer on a multiemployer worksite. As a result of these alternative readings of 29 C.F.R. § 516.4, the DOL's interpretation of § 516.4 as it applies to multi-employer worksites is "controlling," and is

---

[2] In Skidmore, the Supreme Court explained the factors that should be considered in deciding whether an agency interpretation has the "power to persuade": "We consider that the ... interpretations ... of the Administrator ..., while not controlling upon the courts by reason of their authority, do constitute a body of experience and informed judgment to which courts and litigants may properly resort for guidance. The weight of such a judgment ... will depend upon the thoroughness evident in the consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give power to persuade, if lacking power to control." 323 U.S. at 140.

6

entitled to deference unless Plaintiffs can demonstrate that the interpretation is "plainly erroneous or inconsistent with the regulation."[3]  See Auer, 519 U.S. at 461.

Here, Plaintiffs cannot demonstrate that the DOL's interpretation is plainly erroneous or inconsistent with the regulation.  Indeed, as the District Court for the Eastern District of Pennsylvania has recognized:

> Plaintiff bears a heavy burden of demonstrating such an inconsistency [i.e., that the Secretary's interpretation of its own regulations in the Wage and Hour Opinions is inconsistent with the regulation], for *it is an established proposition of law that an agency's construction of its own regulations is entitled to substantial deference.  Agency interpretation has been called the 'ultimate criterion' in construing administrative regulations*, and it is 'of controlling weight unless' plainly erroneous or inconsistent with the regulation's language.

See Wolfslayer v. Ikon Office Solutions, Inc., No. Civ. A. 03-6709, 2004 WL 2536833, at *9 (E.D. Pa. Nov. 8, 2004) (citing United States v. Larionoff, 431 U.S. 864, 872 (1977)) (finding plaintiff did not satisfy burden of demonstrating DOL's interpretation was plainly erroneous or inconsistent with regulation at issue).  The DOL's interpretation is wholly consistent with the underlying purpose of the regulation, which is to ensure that employees receive notice of their rights under the FLSA.  Indeed, it would not make any sense to require every employer to post duplicate copies of the same generic FLSA poster (and every other legally mandated employment poster such as OSHA, ADEA and OFCCP posters) when the posters are not employer specific.  To rule otherwise, would require employers of every temporary company to physically enter the worksites of its clients and obtain permission to post duplicate posters.  Such a requirement is clearly not mandated by this regulation.

---

[3] In the event the Court determines Section 516.4 is unambiguous, the DOL's Opinion Letter is still entitled to respect.  See Christensen, 529 U.S. at 577-78; Kelchner v. Sycamore Manor Health Center, 305 F. Supp. 2d 429, 434 (M.D. Pa. 2004), aff'd, No. 04-2552, 2005 WL 503774, at *3 (3d Cir. 2005) (FTC advisory opinion letter entitled to respect and using opinion as "additional support" for court's holding.)  Given the complete absence of any precedent contrary to the Opinion Letter, the Court should reach the same conclusion regardless of whether the Letter warrants "deference" or "respect."

7

Finally, what little case law there is on this issue supports Crawford's position. For example, in <u>Schoch v. Fidelcor, Inc.</u>, No. 86-3981, 1988 U.S. Dist LEXIS 986, at * 9-11 (E.D. Pa. Feb. 3, 1988), the court found that posting by another employer in the same facility as defendant satisfied the defendant's FLSA notice-posting requirement. Moreover, in litigating essentially the same posting requirement in an OSHA case, the DOL has taken the position that "all contractors on a multiemployer site need not have an OSHA poster as long as one is located in a central position where employees will come into contact with it." <u>Secretary of Labor v. Wilson Builders</u>, No. 89-0741, 1991 WL 24334, at *8 (OSHRC Nov. 4, 1991). Because the DOL's Opinion Letter is entirely consistent with the ambiguous language and the underlying purpose of Section 516.4, the DOL's interpretation commands deference from the Court. <u>See Beck v. City of Cleveland</u>, 390 F.3d 912, 919-920 (6th Cir. 2004).

**II.     Plaintiffs' Independent Knowledge Of The FLSA Precludes Equitable Tolling.**

Even if Plaintiffs had proved the absence of FLSA Notices on the Projects and the existence of other equitable factors warranting equitable tolling,[4] Plaintiffs' independent knowledge of the FLSA would still foreclose Plaintiffs' tolling argument. An employer's failure to post a required employment notice can toll a limitations period, but only "until such time as the aggrieved person seeks out an attorney or acquires actual knowledge of his rights. . ."

---

[4] As set out in Crawford's Proposed Findings and Conclusions, the absence of a required employment notice alone is not sufficient to toll the statute of limitations. Plaintiffs must establish the existence of other equitable factors favoring tolling, including: (1) prejudice to plaintiff caused by the absence of the required notice; (2) reasonable diligence by plaintiff in the pursuit of his or her claims; and (3) the absence of any prejudice to defendant as a result of plaintiff's delay. See <u>Podobnik v. U.S. Postal Svc.</u>, 409 F.3d 584, 592-593 (3d. Cir. May 5, 2005) (affirming Chief Judge Ambrose, and holding that plaintiff's diligent pursuit of claims and prejudice to Plaintiff from alleged absence of required notice are prerequisites for equitable tolling); <u>Hammer v. Cardio Med. Prod., Inc.</u>, 131 Fed. Appx. 829, 832 (3d Cir. May 18, 2005) (holding that tolling based on alleged lack of required notice is "fact-intensive test involving several 'equitable factors'" that plaintiff must demonstrate); <u>Baldwin County Welcome Center v. Brown</u>, 466 U.S. 147, 151-52 (1984) (holding that "once a factor that might justify . . . tolling is identified" absence of prejudice to defendant is a factor to considered in determining whether to apply equitable tolling"); <u>Callowhill v. Allen-Sherman-Hoff Co., Inc.</u>, 832 F.2d 269, 272 (3d Cir. 1987) (applying equitable tolling for failure to post notice under narrow circumstances of case where defendant was not prejudiced because it knew of claims before limitations period expired).

Bonham v. Dresser Indus., 569 F.2d 187, 193 (3d Cir. 1977).  While this Court has held that a plaintiff must have more than a general knowledge of the overtime laws to stop the tolling of the statute of limitations, the precise level of knowledge is not high.  Indeed, the minimum level of knowledge required is certainly no more than the information contained in the FLSA Notice.  See Callowhill, 832 F.2d at 272 n.3 (3d Cir. 1987) (stating that an employee who has the knowledge provided by the ADEA notice would not be entitled to tolling).

As examples, Courts have held that requisite level of knowledge can be demonstrated in a variety of ways, including the following:

- **Knowledge of the Contents of The FLSA Notice**

If Plaintiffs possessed knowledge equal to or greater than that provided by the FLSA notice, they are not entitled to tolling.  See Callowhill, 832 F.2d at 272, n.3.  In order to benefit from equitable tolling based on a failure to post, Plaintiffs must demonstrate that the absence of a notice prejudiced them.  See Podobnik, 409 F.3d at 592-593 (holding that "[t]he absence of an EEOC notice did not prejudice him, and as such is no basis to toll the limitations period.").  As is readily apparent, a Plaintiff that has independent knowledge of the information contained in the Notice cannot be prejudiced by its absence.[5]

- **Owning Businesses With Employees**

A Plaintiff who owns a business with employees is presumed to have knowledge of the FLSA and its potential applicability to his business.  See TWA v. Thurston, 469 U.S. 111, 128, 105 S. Ct. 613, 625 (1985) (because "employers are required to post ADEA notices, it would be virtually impossible to show that he was unaware of the Act and its potential applicability");

---

[5]  Here, the Notice merely states: **"YOUR RIGHTS UNDER THE FAIR LABOR STANDARDS ACT . . . OVERTIME PAY . . . At least 11/2 times your regular rate of pay for all hours worked over 40 in one workweek."**  As set forth in Crawford's Findings and Conclusions, every Plaintiff had at least as much knowledge of the FLSA as is provided by the FLSA Notice.

9

Hodgson v. Heard, No. 1383, 1972 WL 960, at *2 (N.D. Ga. 1972) (holding that except as to "the most ignorant unsophisticated businessman . . . FLSA is a well known business fact of life"); Gustafson v. Fred Wolferman, Inc., 73 F. Supp. 186, 197 (W.D. Mo. 1947).

- **Admitted Knowledge Of Rights**

A plaintiff who admits being aware of wage and hour laws has sufficient knowledge to start the statute of limitations running.  See Reifinger v. Nuclear Research Corp., No. 92-5999, 1992 WL 368347, at *3 (E.D. Pa. 1992); McClinton v. Alabama By-Products Corp., 743 F.2d 1483, 1485 n.3; (11th Cir. 1984); Draeger v. Jockey International, Inc., 583 F. Supp. 570, 571-2 (S.D.N.Y. 1984).

- **Working In Or Visiting Another Location Where A FLSA Notice Is Posted**

A Plaintiff who works from, or regularly visits, another location where the FLSA Notice is posted obtains knowledge of his rights sufficient to commence the statute of limitations running.  See Clark v. Resistoflex Co., 854 F.2d 762, 768 (5th Cir. 1988) (recognizing that plaintiff-employee's regular visits to office where Notice was posted provided sufficient knowledge despite absence of notice in location where he worked); Malinowski v. State Farm Mutual Auto Ins. Co., No. 77-129, 1978 WL 188, at *2 (W.D. Pa. 1978) (holding that visits to regional office where notice was posted provided plaintiff with knowledge of rights); Moss v. Crawford & Co., 98-CV-1350 (W.D. Pa.) (dismissing FLSA claims of plaintiffs for multiple projects based on evidence of posting on one project); Cortez v. Medina's Landscaping, No. 00 C 6320, 2002WL 31175471, at *4 (N.D. Ill. Sept. 30, 2002) (adopting Bonham and holding that a showing that the plaintiff-employee worked for another employer who complied with the notice requirement would suffice to demonstrate knowledge).

- **Work And Education Experiences**

    Plaintiffs can obtain knowledge of their rights through their work responsibilities, education and training, and personnel policies provided by their employers.  See Malinowski, 1978 WL 188, at *2 (noting that training, manuals and job responsibilities can provide knowledge sufficient to preclude tolling); Barnes v. Hillhaven Rehab. & Convalescent Ctr., 686 F. Supp. 311, 314 (N.D. Ga. 1988) (holding that administrator of rehabilitation center generally aware of ADEA due to job duties); Fressell v. AT&T, Civ. A. No. 82-699, 1984 WL 1002, at *3 (N.D. Ga. 1984) (holding supervisors generally aware of civil rights statutes where all supervisors deemed familiar with company affirmative action policy); Glass v. IDS Financial Svcs., 778 F. Supp. 1029, 1047 (D. Minn. 1991) (holding plaintiff was aware of rights by virtue of education and training).

- **Receipt of Employment Handbook With Reference to Federal Law**

    Receipt of employee handbooks referencing the FLSA provides knowledge of the FLSA sufficient to preclude equitable tolling.  See Mercado v. The Ritz-Carlton San Juan Hotel, Spa and Casino, 410 F.3d 41, 49 (1st Cir. May 31, 2005) (receipt of handbooks containing information regarding employment laws may provide sufficient knowledge); Malinowski, 1978 WL 188, at *2 (stating that receipt of training manuals provided actual knowledge of rights).

    In light of these examples, and as detailed in Crawford's Proposed Findings and Conclusions, each Plaintiff in this case had knowledge of the FLSA at least three years before filing suit.  Therefore, no Plaintiff can rely upon equitable tolling to save his or her time-barred claims.

## **CONCLUSION**

For all of the foregoing reasons, the Court should enter judgment for Crawford on Plaintiffs' claims.

Respectfully submitted this 18th day of July, 2005.

/s/Robert C. Stevens
Robert H. Buckler
GA Bar # 092650
Robert C. Stevens
GA Bar # 680142
Benjamin D. Briggs
GA Bar #081902
Troutman Sanders LLP
600 Peachtree Street, Suite 5200
Atlanta, Georgia 30308-2216

Shelly R. Pagac
PA. I.D. #63327
LeBoeuf, Lamb, Greene & MacRae L.L.P.
One Gateway Center
Fort Duquesne Boulevard, Suite 1600
Pittsburgh, PA  15222

Richard L. Rosenzweig, Esq.
PA. I.D. # 00953
Gaca, Matis, Baum & Rizza
4 Gateway Center
444 Liberty Avenue, Suite 300
Pittsburgh, PA 15

ATTORNEYS FOR DEFENDANT

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WELLS HANN, JAMES COCO, EDWARD HANN, BILLY MYERS, FLOYD KING and DOUG RADIGAN, <br><br> Plaintiffs, <br><br> vs. <br><br> CRAWFORD & COMPANY, a corporation, <br><br> Defendant. | CV NO.: 00-1908-DWA <br><br> Chief Judge Donetta W. Ambrose |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the within and foregoing **DEFENDANT'S POSTRIAL BRIEF** upon counsel of record via first class mail with proper postage affixed thereto, addressed as follows:

> Joseph E. Fieschko, Jr., Esq.
> Fieschko & Associates, P.C.
> PA I.D. #28797
> 2230 Koppers Building
> Pittsburgh, PA 15219

This 18th day of July, 2005.

/s/Robert C. Stevens
Attorney for Defendant
Crawford & Company